Donohue, J.
— The papers in this case are very voluminous, but on the material facts in the case, it seems to me the questions on this motion lie in a small compass. I think it is clear that, if the facts are as the defendant claims them to be in regard to the evidence that may be given on the new trial, and on amended pleadings setting out the facts claimed to have been newly discovered, there would be at least a very important question to submit to the jury in passing on the facts before the court in the case as originally tried. The ground taken by the plaintiff that the facts were within the knowledge of the attorneys for the defendant may, perhaps, on the papers, be true, but I do not think even a want of information, or want of use of information which the attorney possesses, or any mistake which the attorney would make in that respect, should prejudice the defendant in a case of this character.
*388 In the ease of Emerick agt. Clute, it was held by the general term that an admission made by the plaintiff’s counsel on the trial of a cause which led to its dismissal, when such admission was in fact not correct, that the plaintiff was entitled to a new trial, and that the costs should abide the event. In this case all the facts now sought to be placed before the jury as new evidence may, with proper diligence, have been known to the defendant’s attorney. But I think the failure of the attorney to set up those facts should not prejudice his client, if the facts really existed, and are such as should be submitted to the jury on a trial of the case. I do not think that the defendants in this case are charged with such laches in that respect (that is, the officers of the company), that they should be prejudiced by anything that has occurred.
The defendant corporation is peculiarity situated. I do not see that a careful reading of the testimony already in shows any willful act on their part leading to the injury of the plaintiff, and that the verdict against them in the case was found simply on their liability as bailees. While in law and in fact, on the evidence on which the verdict was found, they may well be held for the loss of the property, still no willful act of theirs — but the want of judgment in the acts of others — has led to the loss for which the plaintiff seeks to hold them. The defendants are but trustees of others, and, I think, fairly have the right to have all the facts in detail, as desired, submitted to a jury.
I think there should be a new trial, on terms.